FILED
2013 Jul-12  PM 01:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **AUDREY KAPLAN, an individual,** ) | |
| **STUART L. BRISGEL, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **NATIONSTAR MORTGAGE, LLC** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, and for their Complaint against the Defendant:

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs that Plaintiffs do not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## JURISDICTION

2.    Personal jurisdiction exists over Defendant Nationstar Mortgage, LLC as it

has the necessary minimum contacts with the State of Alabama and this suit

arises out of its specific conduct with Plaintiffs in Alabama.

3.    Subject matter jurisdiction exists under federal question jurisdiction (28

U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section

1332).

## VENUE

4.    Venue is proper as Plaintiffs live in this judicial district, the events took

place in this judicial district, and the Defendant Nationstar Mortgage, LLC

does business in this judicial district.

## PARTIES

5.    Plaintiff Audrey Kaplan (hereinafter "Plaintiff" or "Kaplan") is a natural

person who is a resident and citizen of Alabama in this judicial district.

6.    Plaintiff Stuart L. Brisgel (hereinafter "Plaintiff" or "Brisgel") is a natural

person who is a resident and citizen of Alabama in this judicial district.

7.      Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar[2]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district).   It is a debt collector under the FDCPA.   It is incorporated in Delaware and has its principal place of business in Texas.

## FACTUAL ALLEGATIONS

8.      Plaintiffs have not done business with Defendant Nationstar.

9.      Plaintiffs have never owed money to Defendant Nationstar.

10.     Plaintiffs do not owe money to Defendant Nationstar.

11.     Plaintiff Brisgel has the cellphone plan that includes Plaintiff Kaplan's cell phone which Defendant Nationstar has repeatedly called.

12.     The cell phone is used by Plaintiff Kaplan.

13.     The phone calls from Defendant Nationstar to Plaintiffs' cell phone started in 2013.

14.     Defendant Nationstar was looking for a "Ms. Rogers" or someone else other than Plaintiffs.

15.     Plaintiffs have individually, and repeatedly, told Defendant that they did not know a Ms. Rogers.

---

[2] "Nationstar" or "Defendant" means the named Defendant directly or through its debt collectors, employees, agents, or outside vendors that took any collection action against Plaintiff.

16.  Plaintiffs have even called executives of Defendant Nationstar to stop the harassment but the executives at Defendant Nationstar do not care about their company harassing innocent consumers.

17.  Defendant Nationstar continued to call Plaintiffs after being told on multiple occasions that Defendant Nationstar was calling the wrong number.

18.  Plaintiffs have even had letters written by a lawyer to Defendant Nationstar requesting this matter be corrected.

19.  Defendant Nationstar has refused to correct this problem but has instead continued to collect and call Plaintiffs.

20.  Plaintiffs were not and are not responsible for this debt.

21.  Defendant Nationstar has only responded with nonsensical form letters promising to respond to, for example, a RESPA letter when Plaintiffs never sent a RESPA letter in their efforts to get Defendant Nationstar to stop harassing Plaintiffs.

22.  Plaintiffs never supplied Kaplan's cell phone number to Defendant Nationstar when the transaction was initiated as Plaintiffs did not initiate any such transaction.

23.  Despite this, Defendant Nationstar has repeatedly contacted Plaintiff Kaplan through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

24.   All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

25.   The number of calls are believed to exceed 100 calls to Plaintiffs' cell phone.

26.   Defendant Nationstar knew that it had no right to violate the TCPA against Plaintiffs but has deliberately chosen to continue its onslaught of calls against Plaintiffs.

27.   Defendant Nationstar knew that it had no permission to contact Plaintiffs on their cell phone in this manner.

28.   Defendant Nationstar knows that this is not Plaintiffs' debt.

29.   Defendant Nationstar has taken the position this is a debt owed by Plaintiffs and that Defendant Nationstar is a debt collector under the FDCPA.

30.   The FDCPA applies as the alleged debt being collected was in default when received by Defendant Nationstar.

31.   Defendant Nationstar is in the business of collecting debts that were in default when assigned to Defendant Nationstar.

32.   Defendant Nationstar has taken the position that Plaintiffs owe this debt and thus Plaintiffs are "consumers" under the FDCPA even though no debt is owed by Plaintiffs to Defendant Nationstar.

33.   Additionally, the FDCPA protects even "non-consumers" from harassing conduct.

34.   Defendant Nationstar has harassed, annoyed, and otherwise brought illegal pressure on Plaintiffs through the large number and type of harassing calls, hang ups, voicemails, etc. that have been unleashed upon Plaintiffs.

35.   Even though Defendant Nationstar knows Plaintiffs do not owe the debt, Defendant Nationstar has decided to unleash this barrage of harassing phone calls in order to force Plaintiffs into paying a debt that Plaintiffs do not owe.

36.   Defendant Nationstar illegally used an autodialer to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

37.   Defendant Nationstar illegally used a predictive dialer to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

38.   Defendant Nationstar illegally used pre-recorded calls to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

39.   Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with an autodialer.

40.   Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with a predictive dialer.

41.   Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with pre-recorded calls.

42.   Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone.

43. The purpose of the Defendant Nationstar's continued collection activity was to harass, annoy, abuse, or oppress Plaintiffs, so that the Plaintiffs pay the debt that Plaintiffs do not owe.

44. The reason Defendant Nationstar has collected, and continued to collect, on a debt Plaintiffs do not owe is Defendant Nationstar believes that by continuing to illegally call Plaintiffs, that Plaintiffs will pay this debt even though Plaintiffs do not owe it.

45. Other than paying the alleged debt, only this lawsuit will stop Defendant Nationstar's collection actions.

46. Even though Defendant Nationstar knows its actions are illegal, it is perfectly willing to continue to act illegally.

47. All of the above-described collection communications made to Plaintiffs by Defendant Nationstar and collection agents of Defendant Nationstar were made in violation of the TCPA and FDCPA.

48. Defendant Nationstar repeatedly violated the TCPA and FDCPA with its illegal calls to Plaintiffs' cell phone and other collection activity.

## RESPONDEAT SUPERIOR LIABILITY

49. The acts and omissions of Defendant Nationstar's agents who communicated with Plaintiffs as more further described herein, were committed within the

line and scope of their agency relationship with their principal the Defendant Nationstar.

50.     The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Nationstar in collecting consumer debts.

51.     By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant Nationstar.

52.     Defendant Nationstar is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of federal law by its collection employees.

53.     Regardless of any agency relationship, Defendant Nationstar is liable under the TCPA and FDCPA for all calls made to Plaintiff's cell phone by Defendant Nationstar or any other entity calling on behalf of Defendant Nationstar and any entity calling Plaintiffs to further Defendant Nationstar's interests.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.    The acts and omissions of Defendant Nationstar constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§ 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

56.    As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to statutory damages and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

57.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

58.    Defendant Nationstar has made illegal calls to Plaintiffs' cell phone in violation of the TCPA.

59.    Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers by Defendant Nationstar.

60.    Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal predictive dialers by Defendant Nationstar.

61.   Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant Nationstar.

62.   Each call is a separate violation and entitles Plaintiffs to statutory damages against Defendant Nationstar in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

63.   All actions taken by Defendant Nationstar were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

64.   All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

65.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

66.   As a result of this conduct, action, and inaction of Defendant Nationstar, Plaintiffs have suffered damage as set forth in this Complaint.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Nationstar for statutory damages, costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiffs**

**Serve defendant via certified mail at the following address:**

Nationstar Mortgage, LLC
c/o CSC Lawyers Incorporating Srv Inc.
150 S. Perry Street
Montgomery, Alabama 36104