
FILED
2013 Dec-03 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AUDREY KAPLAN, an individual,** | ) |
| **STUART L. BRISGEL, an individual,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:** |
| | )   **2:13-cv-01295-RDP** |
| **NATIONSTAR MORTGAGE,  LLC** | ) |
| | ) |
| **Defendant.** | ) |

## FIRST AMENDED COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, and for their Amended

Complaint against the Defendant say as follows:

1.     This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt

Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA")

by the Defendant and its agents in their illegal efforts to collect a consumer

debt from Plaintiffs that Plaintiffs do not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts
thereto.

## JURISDICTION

2.     Personal jurisdiction exists over Defendant Nationstar Mortgage, LLC as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiffs in Alabama.

3.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

## VENUE

4.     Venue is proper as Plaintiffs live in this judicial district, the events took place in this judicial district, and the Defendant Nationstar Mortgage, LLC does business in this judicial district.

## PARTIES

5.     Plaintiff Audrey Kaplan (hereinafter "Plaintiff" or "Kaplan") is a natural person who is a resident and citizen of Alabama in this judicial district.

6.     Plaintiff Stuart L. Brisgel (hereinafter "Plaintiff" or "Brisgel") is a natural person who is a resident and citizen of Alabama in this judicial district.

7.     Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar[2]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district).  It is a debt collector under the

FDCPA.   It is incorporated in Delaware and has its principal place of business in Texas.

## FACTUAL ALLEGATIONS

8.    Plaintiffs have not done business with Defendant Nationstar.

9.    Plaintiffs have never owed money to Defendant Nationstar.

10.   Plaintiffs do not owe money to Defendant Nationstar.

11.   Plaintiff Brisgel has the cell phone plan that includes Plaintiff Kaplan's cell phone which Defendant Nationstar has repeatedly called.

12.   The cell phone is used by Plaintiff Kaplan.

13.   The phone calls from Defendant Nationstar to Plaintiffs' cell phone started in 2013.

14.   Defendant Nationstar was looking for a "Ms. Rogers" or someone else other than Plaintiffs.

15.   Plaintiffs have individually, and repeatedly, told Defendant that they did not know a Ms. Rogers.

16.   Plaintiffs have even called executives of Defendant Nationstar to stop the harassment but the executives at Defendant Nationstar do not care about their company harassing innocent consumers.

---

[2] "Nationstar" or "Defendant" means the named Defendant directly or through its debt collectors, employees, agents, or outside vendors that took any collection action against Plaintiff.

17.   Defendant Nationstar continued to call Plaintiffs after being told on multiple occasions that Defendant Nationstar was calling the wrong number.

18.   Plaintiffs have even had letters written by a lawyer to Defendant Nationstar requesting this matter be corrected.

19.   Defendant Nationstar has refused to correct this problem but has instead continued to collect and call Plaintiffs.

20.   *Defendant Nationstar has even called Plaintiffs after the filing of this lawsuit.*

21.   Plaintiffs were not and are not responsible for this debt.

22.   Defendant Nationstar has only responded with nonsensical form letters promising to respond to, for example, a RESPA letter when Plaintiffs never sent a RESPA letter in their efforts to get Defendant Nationstar to stop harassing Plaintiffs.

23.   Plaintiffs never supplied Kaplan's cell phone number to Defendant Nationstar when the transaction was initiated as Plaintiffs did not initiate any such transaction.

24.   Despite this, Defendant Nationstar has repeatedly contacted Plaintiff Kaplan through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

25.   All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

26.  The number of calls is believed to exceed 100 calls to Plaintiffs' cell phone.

27.  Defendant Nationstar knew that it had no right to violate the TCPA against Plaintiffs but has deliberately chosen to continue its onslaught of calls against Plaintiffs.

28.  Defendant Nationstar knew that it had no permission to contact Plaintiffs on their cell phone in this manner.

29.  Defendant Nationstar knows that this is not Plaintiffs' debt.

30.  Defendant Nationstar has taken the position this is a debt owed by Plaintiffs and that Defendant Nationstar is a debt collector under the FDCPA.

31.  The FDCPA applies as the alleged debt being collected was in default when received by Defendant Nationstar.

32.  Defendant Nationstar is in the business of collecting debts that were in default when assigned to Defendant Nationstar.

33.  Defendant Nationstar has taken the position that Plaintiffs owe this debt and thus Plaintiffs are "consumers" under the FDCPA even though Plaintiffs owe no debt to Defendant Nationstar.

34.  Additionally, the FDCPA protects even "non-consumers" from harassing conduct.

35.     Defendant Nationstar has harassed, annoyed, and otherwise brought illegal pressure on Plaintiffs through the large number and type of harassing calls, hang ups, voicemails, etc. that have been unleashed upon Plaintiffs.

36.     Even though Defendant Nationstar knows Plaintiffs do not owe the debt, Defendant Nationstar has decided to unleash this barrage of harassing phone calls in order to force Plaintiffs into paying a debt that Plaintiffs do not owe.

37.     Defendant Nationstar illegally used an autodialer to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

38.     Defendant Nationstar illegally used a predictive dialer to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

39.     Defendant Nationstar illegally used pre-recorded calls to call Plaintiffs' cell phone without permission to do so in violation of the TCPA.

40.     Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with an autodialer.

41.     Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with a predictive dialer.

42.     Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone with pre-recorded calls.

43.     Plaintiffs never gave Defendant Nationstar permission to call Plaintiffs' cell phone.

44.     The purpose of the Defendant Nationstar's continued collection activity was to harass, annoy, abuse, or oppress Plaintiffs, so that the Plaintiffs pay the debt that Plaintiffs do not owe.

45.     The reason Defendant Nationstar has collected, and continued to collect, on a debt Plaintiffs do not owe is Defendant Nationstar believes that by continuing to illegally call Plaintiffs, that Plaintiffs will pay this debt even though Plaintiffs do not owe it.

46.     Other than paying the alleged debt, only this lawsuit will stop Defendant Nationstar's collection actions.

47.     Even though Defendant Nationstar knows its actions are illegal, it is perfectly willing to continue to act illegally.

48.     All of the above-described collection communications made to Plaintiffs by Defendant Nationstar and collection agents of Defendant Nationstar were made in violation of the TCPA and FDCPA.

49.     Defendant Nationstar repeatedly violated the TCPA and FDCPA with its illegal calls to Plaintiffs' cell phone and other collection activity.

## RESPONDEAT SUPERIOR LIABILITY

50.     The acts and omissions of Defendant Nationstar's agents who communicated with Plaintiffs were committed within the line and scope of their agency relationship with their principal the Defendant Nationstar.

51. The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Nationstar in collecting consumer debts.

52. By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant Nationstar.

53. Defendant Nationstar is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of federal law by its collection employees.

54. Regardless of any agency relationship, Defendant Nationstar is liable under the TCPA and FDCPA for all calls made to Plaintiff's cell phone by Defendant Nationstar or any other entity calling on behalf of Defendant Nationstar and any entity calling Plaintiffs to further Defendant Nationstar's interests.

55. *Defendant Nationstar's misconduct was designed to harm the Plaintiffs as Defendant Nationstar acted with full knowledge of the damage this type of misconduct can and will cause.*

56. *Defendant Nationstar was successful in its plan, scheme, design, and did in fact cause severe damages to Plaintiffs.*

## SUMMARY

57. *All of the above-described collection communications made to Plaintiffs by Defendant Nationstar and collection agents of Defendant Nationstar were made in violation of the TCPA and the FDCPA, including (but not limited to) §§ 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.*

58. *The above-detailed conduct by Defendant Nationstar of harassing Plaintiffs in an effort to collect this debt was also an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.*

59. *This series of abusive collection actions by Defendant Nationstar and its agents caused Plaintiffs stress and anguish as a result of these abusive calls.*

60. *Defendant Nationstar's attempts to collect this debt from Plaintiffs and refusal to stop violating the law is an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.*

61. *Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant Nationstar in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.*

62. *The only way that abusive debt collectors like Defendant Nationstar will stop these abusive practices towards consumers is by a jury verdict fully compensating Plaintiffs for the harm done and by a punitive damage award in excess of $750,000.*

63. *A punitive damage award in excess of $750,000 will get the attention of Defendant Nationstar and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers in Alabama and to gain an unfair competitive advantage over honorable, law abiding collectors.*

64. *A full compensatory damage award and a full punitive damage award will accomplish the goals of the laws of the State of Alabama and Congress in passing the FDCPA - stop abusive conduct and abusive and illegal collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.*

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

65. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     The acts and omissions of Defendant Nationstar constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs, including (but not limited to) §§ 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d, 1692d(5), *1692d(6),* 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

67.     As a result of Defendant Nationstar's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Nationstar.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

68.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

69.     Defendant Nationstar has made illegal calls to Plaintiffs' cell phone in violation of the TCPA.

70.     Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers by Defendant Nationstar.

71.     Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal predictive dialers by Defendant Nationstar.

72.     Defendant Nationstar has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant Nationstar.

73.     Each call is a separate violation and entitles Plaintiffs to statutory damages against Defendant Nationstar in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

74.     All actions taken by Defendant Nationstar were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

75.   All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

76.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

77.   As a result of this conduct, action, and inaction of Defendant Nationstar, Plaintiffs have suffered damage as set forth in this Complaint.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

78.   *Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.*

79.   *Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.*

80.   *Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:*

> ***Abusive debt collection practices contribute*** *to the number of personal bankruptcies, to marital instability, to the loss of jobs, and* ***to invasions of individual privacy.***

*15 U.S.C. § 1692(a) (emphasis added).*

81.   *Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:*

> *It is the policy of the Congress that **<u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u>** and to protect the security and confidentiality of those customers' nonpublic personal information.*

*15 U.S.C. § 6801(a) (emphasis added).*

82.   *Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.*

83.   *Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.*

84.   *Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.*

85.   *The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.*

86.   *As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.*

87.   *All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.*

## COUNT IV.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

88.   *Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.*

89.   *Defendant's collectors are allowed and encouraged to break the law in order to collect debts.*

90.   *Defendant is aware of the wrongful conduct of its collectors.*

91.   *Defendant negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendant is thereby responsible*

*to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Nationstar for the following:

- *An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;*

- *An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;*

- *An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;*

- *An award of statutory damages of at least $500.00 per call and up to $1,500.00 per call for the violations made intentionally or recklessly under the TCPA, 47 U.S.C. § 227, et seq.*

- *An award of actual damages from Defendant for the all damages including emotional distress suffered in an amount to be determined at trial for Plaintiffs;*

- *Punitive damages; and*

- *For such other and further relief as may be just and proper.*

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Nationstar for statutory damages, *actual damages*, costs, expenses, fees, injunctive relief to prevent further violations, *punitive damages* and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ M. Stan Herring
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ M. Stan Herring
**Attorney for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **December 3, 2013**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory C. Cook
Amelia K. Steindorff
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

/s/ M. Stan Herring
OF COUNSEL